IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JEFFERY DAVID WARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:22cv676 |
| ) | |
| SCOTLAND COUNTY SOCIAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff submitted a pro se Complaint and Application to Proceed in District Court without Prepaying Fees or Costs. (Docket Entries 1, 2.) The Complaint names Scotland County Social Services as Defendant and demands "45 million [dollars] in damages" (Docket Entry 2 at 5) due to Defendant's garnishment of Plaintiff's Department of Veterans Affairs ("VA") benefits to satisfy child support obligations (see id. ("The VA pays my child support directly to my child.")). Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint, and "shall dismiss the case . . . if the [C]ourt determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons that follow, the Court will grant Plaintiff's Application for the limited purpose of recommending dismissal of this action.

## LEGAL BACKGROUND

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). To balance this public interest with the potential administrative burden on the courts, the statute directs a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

A plaintiff fails to state a claim upon which relief may be granted when the complaint cites as its basis a federal statute that confers no private right of action. See, e.g., Blessing v. Freestone, 520 U.S. 329, 340 (1997) (holding that "plaintiff must assert the violation of a federal right, not merely a violation of federal law"); Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 365 (1991) (Scalia, J., concurring) ("Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals."); Carey v. Throwe, 957 F.3d 468, 478-80 (4th Cir. 2020) (upholding dismissal of suit where pro se plaintiff sought relief under federal statute that provided no private cause of action);

2

Iannucci v. Mission Hosp., Civ. Action No. 1:08CV471, 2008 WL 5220641, at *3 (W.D.N.C. Dec. 11, 2008) (dismissing suit where pro se plaintiff sought relief under federal statute that provided no private cause of action).[1] "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." Alexander v. Sandoval, 532 U.S. 275, 286 (2001). Courts must therefore "interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." Id. Dismissal in the absence of such intent reflects the truism that "when Congress wants to create a private cause of action, it knows how to do so expressly." Carey, 957 F.3d at 479.

For the reasons that follow, the Court should dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because, by citing as its basis a federal statute that confers no private cause of action, Plaintiff fails to state a claim on which relief may be granted.

---

[1] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson" to immunize pro se plaintiffs from basic pleading standards, see Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted).

3

**DISCUSSION**

The Complaint alleges that Defendant "has been prosicuting [sic] [Plaintiff] for years and years." (Docket Entry 2 at 5.) In so doing, according to the Complaint, "[Defendant] ignore[s] federal law" (id.) which "says clearly that all decisions of the VA for [Plaintiff] and [his] dependent are final and can[not] be question[ed] in any other court" (id.). The Complaint purports to assert a violation of "Title 38 Chapter 5 Section 511a" (id. at 3 (citing as "[b]asis for [j]urisdiction")).

That statute states, in relevant part, that "[t]he Secretary shall decide all questions of law and fact necessary to a decision . . . that affects the provision of benefits . . . to veterans," and that, with limited exception, "the decision of the Secretary . . . shall be final and conclusive and may not be reviewed by any other official or by any court." 38 U.S.C. § 511(a). Section 511(a) thus provides that "[t]he exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals [now the United States Court of Appeals for Veterans Claims] and from there to the United States Court of Appeals for the Federal Circuit." Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000); see also George v. McDonough, __ U.S. __, __, 142 S. Ct. 1953, 1957 (2022) (outlining appeal process). The Complaint then, "liberally contrue[d]," Erickson, 551 U.S. at 94, appears to contend that Defendant's litigation against

4

Plaintiff regarding his child support obligations violates § 511(a) because such an act "affects the provision of benefits . . . to [Plaintiff,]" 38 U.S.C. § 511(a), disrupts the finality of a prior benefits decision, and thereby intrudes on the exclusive domain of the Secretary.

Plaintiff's problem lies in that Section 511 evinces no congressional "intent to create [either] a private right [or] a private remedy." Alexander, 532 U.S. at 286; see also Burnes v. Smith, No. 3:18-CV-00608, 2018 WL 3472821, at *4 (M.D. Tenn. July 17, 2018) (holding that Section 511 "does not create a private right of action"); International Primate Prot. League v. Institute for Behav. Rsch., Inc., 799 F.2d 934, 940 (4th Cir. 1986) (collecting cases involving statutes that do confer private causes of action). On the contrary, the statute reflects Congress's intent to prevent ancillary benefits litigation in the district courts by entrusting benefits decisions to the Secretary, see 38 U.S.C. § 511(a), and confining judicial review to the Court of Appeals for Veterans Claims and the Federal Circuit, see Price, 228 F.3d at 421; see also Johnson v. Robison, 415 U.S. 361, 370 (1974) (discussing legislative history including 1952 letter from VA Administrator to Congress describing purposes of statute as "(1) to insure that veterans' benefits claims will not burden the courts and the Veterans' Administration with expensive and time-consuming litigation, and (2) to insure that the technical and complex

5

determinations and applications of Veterans' Administration policy connected with veterans' benefits decisions will be adequately and uniformly made"); Denson v. Merchants & Farmers Bank, 946 F. Supp. 470, 477 (S.D. Miss. 1996) (observing that Section 511 reflects part of "comprehensive remedial scheme" meant "to foreclose resort to" ancillary benefits litigation through Section 1983). Plaintiff here, at most, has alleged the violation of a federal law, but not a federal right. See Blessing, 520 U.S. at 340.

"[W]hen Congress wants to create a private cause of action, it knows how to do so expressly," Carey, 957 F.3d at 479, and implying a private cause of action "may be a proper function for common-law courts, but not for federal tribunals," Lampf et. al., 501 U.S. at 365 (1991). This conclusion warrants dismissal because Plaintiff, in citing a federal statute that confers no private right of action, has failed to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

Plaintiff's invocation of "Rose vs Rose" (Docket Entry 2 at 5) compels no different result. Plaintiff contends that, although the plaintiff lost in that case, the opinion "clearly state[d] that if the VA would have been paying [that plaintiff's] child support [it] would have been another story" (id.), and that "in [Plaintiff's]

---

2 Even if Section 511 did confer a private cause of action (and it does not), "garnishment of [child support] is a matter of state law provided by state courts, [and therefore] not a 'decision by the Secretary under a law that affects the provision of benefits by the Secretary.'" Rhone v. McDonough, 53 F.4th 656, 664 (Fed. Cir. 2022) (citing 38 U.S.C. § 511(a)).

case the[ VA does directly pay his child support]" (id.).

The cited case involved a disabled veteran's challenge to state court contempt proceedings which resulted from his failure to satisfy his child support obligations. Rose v. Rose, 481 U.S. 619 (1987). The plaintiff there argued in part that 38 U.S.C. § 211(a) (now codified at § 511(a)), vests "exclusive jurisdiction over veterans' disability benefits . . . in the Administrator," Rose, 481 U.S. at 629, and therefore preempts state law, including the contempt proceedings at issue. The Supreme Court disagreed, "find[ing] no clear indication that Congress intended the Administrator to make child support determinations contrary to the determinations of state courts." Id. The Court's analysis as it related to Section 211(a) (now 511(a)) did not turn on whether or to what extent "the VA pays [] child support directly to [the] child" (Docket Entry 2 at 5); rather, the Court hypothetically considered that theory in its analysis of 38 U.S.C. § 3101(a) (now codified at 38 U.S.C. § 5301(a)), see Rose, 481 U.S. at 630–31. Said statute provides that benefits payments "shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." 38 U.S.C. § 5301(a)(1).

Plaintiff did not cite Section 5301 in his papers, so the Court need not consider how the alleged direct payments from the VA to Plaintiff's child would, if at all, alter the analysis in Rose.

7

But, even if Plaintiff had cited Section 5301, that provision exempts benefits payments from legal or equitable process "except to the extent specifically authorized by law."  Id.  And, as the Federal Circuit recently observed, "[o]ne such authorization is found in 42 U.S.C. § 659, which provides an exception for alimony and child support."  Rhone, 53 F.4th at 660; see also 42 U.S.C. § 659(h)(1)(A)(ii)(V) (including VA disability benefits in definition of income subject to garnishment for child support and alimony). Accordingly, any garnishment of Plaintiff's benefits represents an exception to the general rule of Section 5301.  Rather than violate federal law, "state . . . proceedings to enforce a valid child support order coincide with Congress' intent to provide veterans' disability compensation for the benefit of both [Plaintiff] *and his dependent*[]."  Rose, 481 U.S. at 631 (emphasis added).  In sum, Rose provides no alternative avenue of relief to Plaintiff.

## CONCLUSION

Plaintiff, in citing a federal statute that confers no private right of action, has failed to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1) is **GRANTED** for the limited purpose of entering this recommendation of dismissal.

8

**IT IS RECOMMENDED** that this action be dismissed for failure to state a claim upon which relief may be granted, pursuant to Section 1915(e)(2).

This the 22nd day of March, 2023.

>            /s/ L. Patrick Auld
>          **L. Patrick Auld**
>    **United States Magistrate Judge**